UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN HORTON, *et al.*,
    Plaintiffs,

v.                                                                                  Civil Action No. 2:22cv86 (EWH)

DOLLAR TREE,
    Defendant.

## MEMORANDUM OPINION

This matter is before the Court for the following reasons: (i) to review an application to proceed *in forma pauperis* ("IFP Application"), ECF No. 1, filed by *pro se* Plaintiff John Horton ("Mr. Horton"); (ii) to screen the Complaint pursuant to the Court's statutory screening obligation under 28 U.S.C. § 1915(e)(2); (iii) to review Mr. Horton's "Consent to Electronic Notice by Self-Represented Litigant" ("E-Noticing Request"), ECF No. 2; and (iv) to address Mr. Horton's failure to provide the Court with his required contact information.

### I. THE IFP APPLICATION

Upon review of the financial information submitted by Mr. Horton, the Court is satisfied that Mr. Horton qualifies for *in forma pauperis* status. Accordingly, Mr. Horton's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file the Complaint.

### II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court

determines that . . . the action . . . fails to state a claim on which relief may be granted"). A complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to this statutory screening obligation, the Court has reviewed the Complaint filed in this action and has determined that it suffers from defects that must be addressed before the action may proceed.

### A. The Complaint

In addition to Mr. Horton, the Complaint also names "African Child Abuse Victim A" and "African Child Abuse Victim B" as Plaintiffs in this action. Compl. at 1. It appears that Mr. Horton, who is not a licensed attorney, intends to serve as the next friend for "African Child Abuse Victim A" and "African Child Abuse Victim B" and to represent their interests on a *pro se* basis. *Id.*

In the Complaint, Mr. Horton alleges that on November 26, 2021, he observed two young children,[1] who were "screaming and unattended" in a car parked near a Dollar Tree store in Lawton, Oklahoma. *Id.* at 3-4. Mr. Horton shopped in the Dollar Tree store for ten minutes, and when he left the store, the children were "still screaming and unattended in the car."[2] *Id.* at 3. Mr. Horton "tr[ied] to locate the parent" inside the Dollar Tree store; however, Mr. Horton alleges that the store manager[3] ordered Mr. Horton out of the building, and that Mr. Horton "was assaulted and battered by [a] mob," which included the store manager. *Id.* at 4. Mr. Horton alleges that the store manager "never provided any assistance to the African Child Abuse Victims A and B who were in distress and crying." *Id.* Mr. Horton located the "caregiver" for the children; however, Mr.

---

[1] Mr. Horton alleges that the children were approximately two and five years of age. Compl. at 3.

[2] Mr. Horton later alleges that a 10-year-old girl was also in the car with the two crying children. Compl. at 4 n.8. However, Mr. Horton alleges that the girl was "engaged in mast[u]rbation" and watching "cell phone pornography" instead of attending to the children. *Id.*

[3] In the Complaint, Mr. Horton alleges that the store manager "appeared to be a crackhead because he was 6 feet 6 inches tall but only weighed 150 pounds." Compl. at 4 n.6.

2

Horton alleges that she "did not have the slightest interest in the care and welfare of African Child Abuse Victims A and B."[4] *Id.* Mr. Horton alleges that he reported the situation to the Oklahoma Department of Human Services. *Id.* at 5.

Based on these factual allegations, Mr. Horton, on his own behalf and as the next friend of "African Child Abuse Victims A and B," asserts claims in this action against Dollar Tree. *Id.* at 5-6. Mr. Horton claims that Dollar Tree "violated the Oklahoma mandatory child abuse investigation and reporting statute," i.e., Okla. Stat. tit. 10A, § 1-2-101, by (i) "lynching," "assaulting[,] and battering" Mr. Horton "for investigating the child abuse"; and (ii) "preventing African Child Abuse Victims A and B from receiving an intervention in their child abuse of being left unattended without a responsible adult in the car." *Id.* at 5. Mr. Horton also claims that Dollar Tree's actions constituted "negligent or intentional infliction of emotional distress." *Id.* at 5-6. As relief, Mr. Horton seeks $76,000.00 in damages. *Id.* at 6.

**B. Analysis**[5]

As an initial matter, the Court finds that Mr. Horton cannot represent the interests of "African Child Abuse Victims A and B" in this action on a *pro se* basis. Pursuant to 28 U.S.C. § 1654, litigants have the right to bring civil claims on a *pro se* basis; however, "[t]he right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." *Myers v. Loudoun*

---

[4] Mr. Horton identifies the "caregiver" as the children's "foster mother," and suggests that she is an "evil wom[a]n," who became a foster parent "just to receive money from the taxpayers." Compl. at 4 n.8.

[5] Mr. Horton alleges that this Court can exercise diversity jurisdiction over this action. Compl. at 2. Mr. Horton states that "all the plaintiffs are citizens and residents of Oklahoma," and Dollar Tree is a citizen of Virginia. *Id.* As the United States Court of Appeals for the Fourth Circuit has explained, "[i]n a diversity action[,] the choice of law rule of the forum state . . . determines which state's law governs each claim." *Fountainhead Title Grp. Corp. v. Courthouse Search*, 122 F. App'x 10, 12 (4th Cir. 2005). "Virginia's choice of law rule in tort actions is *lex loci delicti*, 'meaning the law of the place of the wrong governs all matters related to the basis of the right of action.'" *Metro Mail Servs. v. Pitney Bowes*, No. 1:16cv1416, 2017 U.S. Dist. LEXIS 49840, at *13 (E.D. Va. Mar. 31, 2017) (quotation omitted). Here, all of the alleged wrongful conduct took place in Oklahoma. *See* Compl. at 1-6. Thus, Oklahoma law applies to the claims asserted in the Complaint.

3

*Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original); *see* 28 U.S.C. § 1654. Courts recognize that the legal competence of a "layman . . . is clearly too limited to allow him to risk the rights of others." *Myers*, 418 F.3d at 400 (citation omitted); *see Gallo v. United States*, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004) (noting that "[i]t is generally not in the interest of a child to be represented by a non-attorney, who will likely be unable to adequately protect her rights and vigorously prosecute litigation on her behalf").

With respect to Mr. Horton's claim under Oklahoma's child abuse reporting statute, courts have explained that a violation of this statute "is not a tort, but a criminal offense." *AKC v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240, 1245 (W.D. Okla. 2014) (citing Okla. Stat. tit. 10A, § 1-2-101(C)). Thus, it does not appear that Mr. Horton can bring a civil claim against Dollar Tree under this statute. Further, even if Mr. Horton could assert a civil claim for the violation of Oklahoma's child abuse reporting statute, the Court finds that Mr. Horton has not established that he has standing to assert such a claim on his own behalf. *See* Okla. Stat. tit. 10A, § 1-2-101; *see also Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 619 (4th Cir. 2018) (explaining that to possess standing, a plaintiff must establish, among other things, that he "suffered an injury-in-fact").

Additionally, the Court finds that Mr. Horton has not adequately alleged that Dollar Tree may be liable for the intentional torts asserted in this action. It appears that Mr. Horton seeks to hold Dollar Tree liable for the intentional torts of the store manager under a theory of *respondeat superior*; however, based on the factual allegations asserted in the Complaint, it does not appear that the store manager's alleged actions were taken within the scope of his employment. Compl. at 4-6; *see Downs v. Novartis Pharms. Corp.*, No. 09cv228, 2009 U.S. Dist. LEXIS 57614, at *8-10 (N.D. Okla. July 7, 2009) (discussing the theory of *respondeat superior* in the context of

intentional torts asserted against employees). Further, the Court finds that the Complaint fails to allege facts sufficient to state a claim for relief against Dollar Tree for negligent or intentional infliction of emotional distress. *See Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1111 (10th Cir. 1999) (discussing claims of negligent and intentional infliction of emotional distress under Oklahoma law).

For these reasons, the Court finds that the dismissal of this action is warranted under 28 U.S.C. § 1915(e)(2). However, in deference to Mr. Horton's *pro se* status, the Court will not yet dismiss this action. Instead, the Court will provide Mr. Horton with an opportunity to file an Amended Complaint that cures the defects noted herein. Accordingly, Mr. Horton will be ORDERED to file an Amended Complaint within thirty days. Mr. Horton is ADVISED that the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. Mr. Horton is FURTHER ADVISED that this action may be dismissed if he fails to file an Amended Complaint, as instructed.

### III. MR. HORTON'S E-NOTICING REQUEST

Mr. Horton filed an E-Noticing Request, in which he (i) provides his e-mail address; (ii) consents to receiving orders and notices from the Court via e-mail; (iii) consents to receiving papers filed by opposing counsel via e-mail; and (iv) agrees to notify the Court immediately of any changes to his e-mail address. E-Noticing Req. at 1.

For good cause shown, Mr. Horton's E-Noticing Request, ECF No. 2, will be GRANTED, and the Clerk will be DIRECTED to add Mr. Horton's e-mail address to this case. Mr. Horton is ADVISED that the effects of electronic service registration in this Court are explained in the Court's "*Pro Se* (Non-prisoner) Consent & Registration Form to Receive Documents Electronically in the United States District Court for the Eastern District of Virginia" ("Consent &

Registration Form"). *See* Consent & Registration Form at 1, https://www.vaed.uscourts.gov/sites/vaed/files/Modified7-27-17InstructionSheetforProSeLitigantE-Noticing.pdf (last visited Sept. 30, 2022). Specifically, electronic service registration has the following effects:

1. You will no longer receive documents in the mail.

2. If you do not view and download your documents during the "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the document(s).

3. This service does *not* allow you to electronically file your documents.

4. It will be your duty to regularly review the docket sheet of your case.

5. You will still be required to serve paper documents on opposing counsel or pro se litigants by mail unless the parties agree to accept service by e-mail in lieu of a paper document or the document is one that is exempt from electronic case filing such as a sealed document.

6. You will be responsible for immediately notifying the court in writing of any change of your e-mail address.

*Id*.

## IV. MR. HORTON'S CONTACT INFORMATION

The Court notes that the submissions filed by Mr. Horton in this action do not contain an address or a telephone number for Mr. Horton. Pursuant to Rule 7(B) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia, "[a]ll pleadings filed by non-prisoner litigants proceeding *pro se* shall contain an address where notice can be served on such person and a telephone number where such person can be reached or a message left." E.D. Va. Loc. Civ. R. 7(B). Thus, Mr. Horton is in violation of Local Civil Rule 7(B).

Mr. Horton will be ORDERED to notify the Court, in writing and within thirty days, of his current address and telephone number. Mr. Horton is ADVISED that this action may be dismissed without prejudice if he fails to provide his contact information, as instructed. *See* Fed. R. Civ. P.

41(b) (explaining that the Court may dismiss an action when a plaintiff fails to prosecute an action or fails to comply with an Order of the Court).

## V. CONCLUSION

For the reasons set forth above, Mr. Horton's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file the Complaint. Mr. Horton will be ORDERED to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days. Mr. Horton's E-Noticing Request, ECF No. 2, will be GRANTED, and the Clerk will be DIRECTED to add Mr. Horton's e-mail address to this case. Mr. Horton will be ORDERED to notify the Court, in writing and within thirty days, of his current address and telephone number.

In addition to the instructions set forth above, the Clerk will be DIRECTED to docket this Order in the Court's electronic filing system.

An appropriate Order shall issue.

/s/  
Elizabeth W. Hanes  
United States District Judge

Norfolk, Virginia  
October 21, 2022