UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN HORTON, *et al.*,
        Plaintiffs,

v.                                                      Civil Action No. 2:22cv86 (EWH)

DOLLAR TREE,
        Defendant.

## DISMISSAL ORDER

This matter is before the Court pursuant to the Court's statutory obligation under 28 U.S.C. § 1915(e)(2) to screen complaints filed by parties who are proceeding *in forma pauperis*. For the reasons set forth in more detail below, this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

        **I.**        **Relevant Factual and Procedural Background**

**A.**        **The IFP Application and Complaint**

Plaintiff John Horton ("Mr. Horton"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1. In an Order entered on October 21, 2022, the Court granted Mr. Horton's IFP Application and directed the Clerk to file the Complaint. Order at 1, ECF No. 4.

In addition to Mr. Horton, the Complaint also names "African Child Abuse Victim A" and "African Child Abuse Victim B" as Plaintiffs in this action. Compl. at 1, ECF No. 5. It appears that Mr. Horton, who is not a licensed attorney, intends to serve as the next friend for "African Child Abuse Victim A" and "African Child Abuse Victim B" and to represent their interests on a *pro se* basis. *Id.*

In the Complaint, Mr. Horton alleges that on November 26, 2021, he observed two young children, who were "screaming and unattended" in a car parked near a Dollar Tree store in Lawton, Oklahoma. *Id.* at 3–4. Mr. Horton shopped in the Dollar Tree store for ten minutes, and when he left the store, the children were "still screaming and unattended in the car."[1] *Id.* at 3. Mr. Horton "tr[ied] to locate the parent" inside the Dollar Tree store; however, Mr. Horton alleges that the store manager[2] ordered Mr. Horton out of the building, and that Mr. Horton "was assaulted and battered by [a] mob," which included the store manager. *Id.* at 4. Mr. Horton alleges that the store manager "never provided any assistance to the African Child Abuse Victims A and B who were in distress and crying." *Id.* Mr. Horton located the "caregiver" for the children; however, Mr. Horton alleges that she "did not have the slightest interest in the care and welfare of African Child Abuse Victims A and B."[3] *Id.* Mr. Horton alleges that he reported the situation to the Oklahoma Department of Human Services. *Id.* at 5.

Based on these factual allegations, Mr. Horton, on his own behalf and as the next friend of "African Child Abuse Victims A and B," asserts claims in this action against Dollar Tree. *Id.* at 5–6. Mr. Horton claims that Dollar Tree "violated the Oklahoma mandatory child abuse investigation and reporting statute," i.e., Okla. Stat. tit. 10A, § 1-2-101, by (i) "lynching," "assaulting[,] and battering" Mr. Horton "for investigating the child abuse"; and (ii) "preventing African Child Abuse Victims A and B from receiving an intervention in their child abuse of being

---

[1]   Mr. Horton later alleges that a 10-year-old girl was also in the car with the two crying children. Compl. at 4 n.8. However, Mr. Horton alleges that the girl was "engaged in mast[u]rbation" and watching "cell phone pornography" instead of attending to the children. *Id.*

[2]   In the Complaint, Mr. Horton alleges that the store manager "appeared to be a crackhead because he was 6 feet 6 inches tall but only weighed 150 pounds." Compl. at 4 n.6.

[3]   Mr. Horton identifies the "caregiver" as the children's "foster mother," and suggests that she is an "evil wom[a]n," who became a foster parent "just to receive money from the taxpayers." Compl. at 4 n.8.

left unattended without a responsible adult in the car." *Id.* at 5. Mr. Horton also claims that Dollar Tree's actions constituted "negligent or intentional infliction of emotional distress." *Id.* at 5–6. As relief, Mr. Horton seeks $76,000.00 in damages. *Id.* at 6.

### B. The Court's Statutory Screening Obligation

In a Memorandum Opinion entered on October 21, 2022, the Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. Mem. Op. at 1, ECF No. 3 (citing 28 U.S.C. § 1915(e)(2)). If the Court determines that the operative complaint fails to state a claim on which relief may be granted, the Court is required to dismiss the action. *Id.* at 1–2 (citing 28 U.S.C. § 1915(e)(2)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face"). The Court reviewed the Complaint filed by Mr. Horton pursuant to its statutory screening obligation and ultimately determined that dismissal was warranted. *See* Mem. Op. at 2.

As an initial matter, the Court determined that Mr. Horton cannot represent the interests of "African Child Abuse Victims A and B" in this action on a *pro se* basis. *Id.* at 3–4. The Court explained:

> Pursuant to 28 U.S.C. § 1654, litigants have the right to bring civil claims on a *pro se* basis; however, "[t]he right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original); *see* 28 U.S.C. § 1654. Courts recognize that the legal competence of a "layman . . . is clearly too limited to allow him to risk the rights of others." *Myers*, 418 F.3d at 400 (citation omitted).

*Id.*

Next, the Court determined that the factual allegations asserted in the Complaint failed to state any plausible claims for relief against Dollar Tree.[4] *Id.* at 4–5. The Court stated:

> With respect to Mr. Horton's claim under Oklahoma's child abuse reporting statute, courts have explained that a violation of this statute "is not a tort, but a criminal offense." *AKC v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240, 1245 (W.D. Okla. 2014) (citing Okla. Stat. tit. 10A, § 1-2-101(C)). Thus, it does not appear that Mr. Horton can bring a civil claim against Dollar Tree under this statute. Further, even if Mr. Horton could assert a civil claim for the violation of Oklahoma's child abuse reporting statute, the Court finds that Mr. Horton has not established that he has standing to assert such a claim on his own behalf. *See* Okla. Stat. tit. 10A, § 1-2-101; *see also Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 619 (4th Cir. 2018) (explaining that to possess standing, a plaintiff must establish, among other things, that he "suffered an injury-in-fact").
>
> Additionally, the Court finds that Mr. Horton has not adequately alleged that Dollar Tree may be liable for the intentional torts asserted in this action. It appears that Mr. Horton seeks to hold Dollar Tree liable for the intentional torts of the store manager under a theory of *respondeat superior*; however, based on the factual allegations asserted in the Complaint, it does not appear that the store manager's alleged actions were taken within the scope of his employment. Compl. at 4–6; *see Downs v. Novartis Pharms. Corp.*, No. 09cv228, 2009 U.S. Dist. LEXIS 57614, at *8–10 (N.D. Okla. July 7, 2009) (discussing the theory of *respondeat superior* in the context of intentional torts asserted against employees). Further, the Court finds that the Complaint fails to allege facts sufficient to state a claim for relief against Dollar Tree for negligent or intentional infliction of emotional distress. *See Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1111 (10th Cir. 1999) (discussing claims of negligent and intentional infliction of emotional distress under Oklahoma law).

*Id.* at 4–5.

Based on these findings, the Court concluded that the dismissal of this action was warranted under 28 U.S.C. § 1915(e)(2). *Id.* at 5. However, in deference to Mr. Horton's *pro se* status, the Court chose not to immediately dismiss this action. *Id.* Instead, the Court provided Mr. Horton with an opportunity to file an Amended Complaint to cure the defects noted by the Court. *Id.* The Court ordered Mr. Horton to file an Amended Complaint within thirty days and specifically warned

---

[4] In its Memorandum Opinion, the Court noted that Oklahoma law applies to the claims asserted in this diversity action. *See* Mem. Op. at 3 n.5 (citing *Fountainhead Title Grp. Corp. v. Courthouse Search*, 122 F. App'x 10, 12 (4th Cir. 2005); *Metro Mail Servs. v. Pitney Bowes*, No. 1:16cv1416, 2017 U.S. Dist. LEXIS 49840, at *13 (E.D. Va. Mar. 31, 2017)).

4

Mr. Horton that "this action may be dismissed if he fail[ed] to file an Amended Complaint, as instructed." *Id.*

## II. Discussion

More than thirty days have passed and Mr. Horton has not filed an Amended Complaint.[5] Thus, Mr. Horton has not cured the defects of the initial Complaint, as summarized above, and has not stated any claims for relief against Dollar Tree on which relief may be granted. Accordingly, the Court finds that it is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court has already afforded [the plaintiff] an opportunity to amend," the United States Court of Appeals for the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019) (quoting *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by* 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

---

[5] In the Court's October 21, 2022 Memorandum Opinion, the Court also explained that the submissions filed by Mr. Horton in this action did not contain an address or a telephone number for Mr. Horton, as required by the Local Civil Rules. Mem. Op. at 6 (citing E.D. Va. Loc. Civ. R. 7(B)). To remedy Mr. Horton's violation of the Local Civil Rules, the Court ordered Mr. Horton to notify the Court, in writing and within thirty days, of his current address and telephone number. Order at 1. Mr. Horton filed a response to this portion of the Court's Order; however, Mr. Horton ignored the portion of the Court's Order that required him to file an Amended Complaint. *See* Resp., ECF No. 6.

Here, the Court has already provided Mr. Horton with an opportunity to amend the operative complaint in this action, but Mr. Horton chose not to do so. As such, the Court finds that it would be futile to provide Mr. Horton with another opportunity to amend. Accordingly, the Court hereby exercises its discretion to DISMISS this action pursuant to 28 U.S.C. § 1915(e)(2) with prejudice.[6]

### III.   Conclusion

For the reasons set forth above, this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Mr. Horton may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.

The Clerk is DIRECTED to docket this Dismissal Order in the Court's electronic filing system.[7]

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: December 9, 2022

---

[6]   The Court notes that dismissal of this action is also warranted under Federal Rule 41(b). *See* Fed. R. Civ. P. 41(b) (explaining that the Court may dismiss an action when a plaintiff fails to prosecute an action or fails to comply with an Order of the Court).

[7]   On October 21, 2022, the Court granted Mr. Horton's E-Noticing Registration Request. Order at 1. Accordingly, when this Dismissal Order is docketed, Mr. Horton will receive an automatically generated e-mail message from the Court's electronic filing system containing a Notice of Electronic Filing, with a hyperlink to this Dismissal Order.